## Dillman et ux. v. Ashland & Shamokin Auto Bus Company et al.

*H. F. Bonno*, for plaintiff.

*Samuel Gubin*, and *Herbert W. Cummings*, for defendant.

*John L. Pipa, Jr.*, for additional defendants.

TROUTMAN, J., October 27, 1947.—Plaintiffs, Fred Dillman and Elizabeth Dillman, brought an action in trespass against the Ashland & Shamokin Auto Bus Company, as defendant. Defendant then filed a præcipe for a writ to join the Borden Company, a corporation, and the Borden Ice Cream Company, a corporation, as additional defendants and also filed a præcipe for a writ to join George P. Brand as an additional defendant. Defendant also filed complaints against additional defendants at the same time. Additional defendants, the Borden Company and George P. Brand, then filed petitions for rules to show cause why the

actions instituted against them should not be dismissed, which rules were granted, and defendants then filed answers to the said petitions. The matter now arises on the rules to show cause why the actions against the above additional defendants should not be dismissed.

The ground upon which additional defendants would have the action against them dismissed is that the question raised in the pleadings is res judicata.

Pa. R. C. P. 2255, concerning the procedure to join additional defendants, provides as follows:

"(a) The procedure, including pleadings, between the party joining an additional defendant and the additional defendant shall be the same as though the party joining the additional defendant were a plaintiff and the additional defendant were a defendant."

In accordance with the above rule, as far as the procedure is concerned, defendant's complaint against additional defendant may be treated as an original complaint in trespass.

Under Pa. R. C. P. 1041, it is provided that the procedure in the action of trespass shall be in accordance with the rules relating to the action of assumpsit, except as otherwise provided. Rule 1045(c), which governs actions of trespass, provides that the affirmative defenses enumerated in rule 1030 must be pleaded; and rule 1030, in regard to affirmative defenses in actions of assumpsit, provides that "the defenses of accord and satisfaction, arbitration and award, . . . res judicata, . . . shall be pleaded in a responsive pleading under the heading 'New Matter'."

In accordance with the above rules, we are of the opinion that in a case such as this, the question of res judicata, being an affirmative defense, must be raised in a responsive pleading under the heading "New Matter". Rule 1045(c) changes the prior practice as, heretofore, a defendant in a trespass action was permitted to prove res judicata without pleading affirmatively, but even then he had to prove it.

The petitions filed by additional defendants even though treated as preliminary objections under Pa. R. C. P. 1017, would be of no avail, for the preliminary objections available to additional defendants under that rule do not permit the raising of res judicata where the facts, as here, are not admitted. The rules applied to a preliminary objection in the nature of a demurrer are the same as formerly and when the facts are not admitted, a preliminary objection in the nature of a demurrer is improper. See Cotts v. Quigley, 58 D. & C. 687, 689.

In 4 Standard Pa. Practice 71, §56, it is said:

"The only way to dispose of the question of res adjudicata, when the facts are not admitted, is at the trial of the case, when, upon a consideration of the record of the prior judgment offered in evidence, and of any extrinsic evidence which may be produced in order to show exactly what questions were raised and adjudicated in that proceeding, the court, aided by the jury if there is a material dispute, will determine whether or not there can be a recovery in the new action."

For the above reasons, we are of the opinion that the rules to show cause why the actions against additional defendants, the Borden Company and George P. Brand, should not be dismissed, must be discharged.

### Order

And now, to wit, October 27, 1947, it is hereby ordered, adjudged and decreed that the rules to show cause why the actions should not be dismissed against additional defendants, the Borden Company and George P. Brand, are hereby discharged with leave to said additional defendants to file an answer to defendant's complaint within 20 days. Costs to be paid by additional defendants, the Borden Company and George P. Brand. Let exceptions be noted and bill sealed for the additional defendants.